# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

570 BROAD STREET
SUITE 1500
NEWARK, NEW JERSEY 07102-4560
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

March 10, 2020

The Honorable Sean H. Lane
United Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        RE:    In re Helen Racanelli
                  Case No. 16-22617 (SHL); Adv. No. 16-08254(SHL)
                  Response to Status Report

Dear Judge Lane,

       This firm represents Defendants, Nationstar Mortgage, LLC and U.S. Bank National Association As Trustee For GSAA Home Equity Trust 06-00019, Asset Backed Certificates, Series 06-00019 ("NSM"). The status report filed by Plaintiff's counsel on March 5, 2020 contains mischaracterizations and/or omissions which we would like to address. This response to the status report will attempt to be brief to not burden the Court.

       However, as an initial matter, and before we address case status and discovery issues, we submit that this case is appropriate for mediation before the parties spend any more resources on discovery. As further set forth below, we have presented mediation as an option to Plaintiff's counsel.

       NSM served Plaintiff with discovery on November 26, 2018. Plaintiff "responded" last week. We use the term "responded" generously because the only documents produced were the same documents that are already filed in this case, namely the Proof of Claim filed by NSM in the underlying bankruptcy case, a copy of the Amended Adversary Complaint and its annexed Exhibit A.

       Plaintiff never formally served document demands related to the pending Adversary Complaint on counsel in the Adversary Proceeding. Rather, Plaintiff served document demands on NSM's bankruptcy counsel in the underlying Chapter 13 Case by electronic mail on August 22, 2017, after the Court in this Adversary Proceeding dismissed all Counts of the original Adversary Complaint against NSM. The original complaint, which was dismissed by Order dated July 24, 2017, alleged multiple counts sounding in conspiracy and RICO violations. Plaintiff served the document demands before the Court granted Plaintiff leave to file the Amended Adversary Complaint, and before the Amended Adversary Complaint was filed on

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Sean H. Lane
March 10, 2020
Page 2

February 20, 2018. Plaintiff then, by email dated September 22, 2018, forwarded the document demands to NSM's counsel in this Adversary Proceeding claiming responses were overdue. Plaintiff never revised the document demands to pertain to the substantially different Amended Complaint (in which the Plaintiff asserts only waiver of tender, and objection to NSM's motion for relief from stay and NSM's Proof of Claim). NSM has also agreed to several pretrial orders that Plaintiff apparently did not submit to the Court.

In an effort to move this litigation along, however, in September of 2019, NSM's counsel reviewed with Plaintiff's counsel the lengthy document demands that were sent to NSM's separate bankruptcy counsel in the main case to determine which requests might be relevant to the Amended Adversary Complaint. NSM's counsel has been in the process of requesting, receiving and reviewing documents from NSM, and has now provided 144 pages of documents to Plaintiff's counsel along with general objections. We are reviewing additional potentially responsive documents which we intend to produce on a rolling basis.

A NSM representative can appear telephonically for any mediation consistent with NSM's new policy concerning the coronavirus. We therefore respectfully request that any case management order include time within which the parties can conduct mediation. We have also requested that NSM have a representative available for a deposition on various dates in mid- to late April. Notably, however, NSM's offices are in Texas and given the coronavirus and NSM's newly-adopted internal protocol concerning that virus and representatives' travel, we will be requesting that any deposition be taken either in Texas where any witness will be located, or permitted to be conducted via phone or video consistent with NSM's policy concerning the coronavirus rather than requiring anyone to travel by plane to New York for the deposition.

It also bears noting that, although payments have been made to the Chapter 13 Trustee in the underlying bankruptcy case, there have been no payments made to NSM on the Note and Mortgage during the Chapter 13 and for many years before the bankruptcy. In contrast, NSM has extended exorbitant carrying costs for the property through the payment of taxes and insurance both pre and post-petition over the years.

Additionally, without elaborating on protected settlement discussions, Plaintiff's statements in the status report filed on March 5, 2020 mischaracterize the settlement discussions which NSM often initiated and in which NSM participated in good faith. NSM continues to think this case may be amicably resolved.

Once again, we submit this case is appropriate for mediation before the parties expend more funds on discovery. We have presented mediation as an option to Plaintiff's counsel, and, it is our understanding that she is agreeable to mediation after she receives our responses to the document demands. We have responded to such demands and additional review and production is ongoing.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Sean H. Lane
March 10, 2020
Page 3

Thank you for Your Honor's consideration of this response.

                                                Respectfully,
                                                /s/ Ryan P. Mulvaney
                                                Ryan P. Mulvaney (admitted pro hac vice)

                                                */s/ Nicole Leonard*
                                                Nicole Leonard