**Presentment Date: April 6, 2020 at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re: | : |
| | : Case No. 16-22617 (shl) |
| Helen Racanelli | : |
| | : |
| | : |
| Debtor. | : |

_____

**OPPOSITION OF NATIONSTAR MORTGAGE, LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 06-00019, ASSET-BACKED CERTIFICATES, SERIES 06-00019 TO DEBTOR'S NOTICE OF PRESENTMENT TO CONVERT CASE FROM CHAPTER 13 TO A CASE UNDER SUBCHAPTER 5 OF CHAPTER 11 [DOC. 49]**

Nationstar Mortgage, LLC[1] and U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 06-00019, Asset-backed Certificates, Series 06-00019 (collectively, "NSM"), by and through their undersigned attorneys,[2] hereby submits this opposition (the "Opposition") to application of Debtor, Helen Racanelli (the "Debtor"), to convert the case from a Chapter 13 to a case under Subchapter 5 of Chapter 11 filed by Notice of Presentment (the "Conversion Motion") and respectfully represents the following:

**I    BACKGROUND AND PROCEDURAL HISTORY**

1.    Debtor filed voluntary petition for Chapter 13 relief on May 3, 2016 (the "Petition Date").

2.    Debtor owns real property located at 18 Mountainview Avenue, Ardsley, NY 10502 (the "Property").

---

[1] Nationstar Mortgage LLC is now doing business as Mr. Cooper.
[2] The undersigned counsel represents NSM in the Adversary Proceeding pending under Adversary Case No. 16-08254 related to the Property (defined herein at ¶ 2) and, now, with respect to the Conversion Motion. NSM has separate counsel for other matters in this underlying bankruptcy case, including matters related to other real property).

3. Before the Petition Date, Debtor executed a note on August 10, 2006, whereby Debtor promised to repay the principal amount of $508,000 plus interest to Countrywide Bank, N.A. (the "Note"). (*See* Affirmation in Support of Entry of an Order Granting Relief from Stay [Doc. 16] (the "Stay Relief Affirmation")). To secure the repayment of the Note, Debtor and non-party co-debtor, Anthony Racanelli, granted Mortgage Electronic Registration Systems ("MERS"), as nominee for Countrywide Bank, N.A. a mortgage, which was duly recorded in the Westchester County Clerk's Office on November 3, 2006 in Control # 462440678 (the "Mortgage") (the Note and Mortgage are collectively referred to as the "Loan"), encumbering the Property. *Id.*[3]

4. Debtor's Chapter 13 plan [Doc. 5] (the "Plan") indicates that Debtor will be attempting to cram down the Note and Mortgage held by NSM to the value of the Property.[4]

5. In addition, Debtor filed an Adversary Complaint against, among others, NSM on November 29, 2016 (the "First Complaint"). The lengthy First Complaint alleged multiple counts sounding in conspiracy and RICO violations that were without merit and implausible, and were dismissed against NSM by Order dated July 24, 2017, granting NSM's motion to dismiss.[5]

6. On August 18, 2017, Debtor moved for leave to file an amended adversary complaint. A hearing was held on or about December 15, 2017, and Debtor was granted leave to file an amended adversary complaint by Order dated January 23, 2018. Debtor filed an

---

[3] The Loan was assigned to Countrywide Bank, N.A National Association, as Trustee for the Holders of GSAA Home Equity Trust 2006-19, asset backed certificates, series 2006-19, and said transfer was memorialized by an assignment of mortgage executed on August 12, 2009 and recorded October 13, 2009. (*See* Stay Relief Affirmation). The Loan was subsequently assigned to U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-19, Asset-Backed Certificates, Series 2006-19 and said transfer was memorialized by a corrective assignment of mortgage executed on December 12, 2013, and recorded December 20, 2013. *Id.* Copies of the Note, Mortgage, and Assignments of Mortgage are annexed to the Stay Relief Affirmation as Exhibit A.
[4] NSM reserves all of its rights, claims and defenses regarding any attempt to cram down the Property.
[5] The First Complaint was nearly 300 paragraphs and contained seven counts.

Amended Adversary Complaint [Adv. Pro. Doc. 46] (the "Second Complaint") on February 20, 2018. The Second Complaint, which is substantially shorter than the First Complaint, alleges counts that are ordinarily addressed in the main bankruptcy case and not in an adversary proceeding.

7. On March 16, 2020, Debtor moved to convert her case to one under Chapter 11.

8. Based on reports submitted to the Court, it appears that Debtor has been making payments to the Chapter 13 Trustee. However the Chapter 13 Trustee filed a motion to dismiss the bankruptcy as a result of Debtor's failure to continue to make those payments [Doc. 43]. The Chapter 13 Trustee's motion, which has been periodically adjourned, remains pending.

9. The Debtor has not made payments on the Loan since 2008. Debtor has not made any post-petition payments to NSM related to the Property. Debtor has also not been paying carrying costs related to the Property, including taxes and insurance.[6]

## II   OPPOSITION

10. This case has been pending since 2016.

11. Debtor knew or should have known upon filing whether she was eligible to file a case under Chapter 13.

12. Debtor filed the First Complaint in 2016 and the Second Complaint in February of 2018. The counts set forth in the Second Complaint are typically addressed and litigated in the context of a bankruptcy case, rather than in an adversary, which can be a slower process. By

---

[6] At a hearing held on March 11, 2020, Debtor's counsel indicated that Debtor was not paying the taxes because NSM was paying the taxes. The Court determined, and Debtor's counsel agreed, that tax payments would be made by Debtor going forward, which would be set forth in an Order to be submitted. NSM has filed a motion for an administrative expense claim for certain amounts paid by NSM related to the Property in the post-petition period. [Docs. 52-53]. Since the Petition Date, and for the period from June 16, 2016, through December 20, 2019, NSM has expended $76,837.76 on taxes and insurance payments related to the Property as set forth in NSM's motion for an administrative expense claim.

bringing the causes of action in the adversary proceeding, progress in the Chapter 13 was substantially delayed.

13. Conversion now to a case under Chapter 11 will involve substantial expense and litigation that will be detrimental to creditors including, but not limited to, NSM.

14. Moreover, Debtor states in Paragraph 4 of the Conversion Motion that, "For the reasons stated on record, the Court required the Debtor to convert her case to one under Subchapter 5 of Chapter 11 of the bankruptcy code." Notably, however, the Court *did not direct* Debtor to file the Conversion Motion. Rather, Debtor informed the Court that she would be filing the Conversion Motion.

15. Section 1307(c)(1) provides that the Court may convert a case to a Chapter 7 or dismiss it, "whichever is in the best interests of creditors and the estate, for cause" and cause includes "unreasonable delay by the debtor that is prejudicial to creditors."

16. NSM objects to conversion of the case to one under Chapter 11 and submits that dismissal, subject to a determination of NSM's administrative claim, is appropriate under the circumstances of this case and is in the best interest of creditors and the estate.[7]

WHEREFORE, NSM respectfully requests that the Conversion Motion be denied and for such further relief as this Court deems appropriate.

---

[7] NSM reserves all its rights, remedies and claims, including, without limitation, the right to move to dismiss the case, move for mediation in this case to the extent that the Court is not inclined to dismiss it, and/or seek additional and/or supplemental claims against the Debtor and the Property. Nothing in this Opposition is intended to or should be construed as a waiver or limitation of any of NSM's rights, remedies and/or claims under the Loan and any related documents. Nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any or all post-petition or pre-petition rights, remedies or claims against the Debtor and the Property under the Bankruptcy Code, applicable non-bankruptcy law, or otherwise.

Dated:  April 3, 2020

Respectfully submitted,

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

*Attorneys for Nationstar Mortgage, LLC and U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 06-00019, Asset-backed Certificates, Series 06-00019*

By:  */s/ Nicole Leonard*
   Nicole Leonard, Esq.
   Ryan Mulvaney, Esq. (admitted *pro hac vice*)
   225 Liberty Street, 36th Floor
   New York, NY 10281
   Phone: (212) 483-9490
   Facsimile: (212) 483-9129
   nleonard@mdmc-law.com
   rmulvaney@mdmc-law.com