UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X    Case No. 16-22617-rdd
In Re:

HELEN RACANELLI,                                                    Chapter 11
                                                                    Subchapter V

                       Debtor.                                          JUDGE: Hon. Robert D. Drain
---------------------------------------------------------------X

**OBJECTION TO CONFIRMATION OF SUBCHAPTER V SMALL BUSINESS
DEBTOR PLAN OF REORGANIZATION
[DKT NO. 72]
(350 Ashford Ave Dobbs Ferry, NY 10522)**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper" or "Creditor")), by and through its authorized undersigned counsel, as secured creditor of the above-entitled Debtor, Helen Racanelli, ("Debtor") hereby submits the following *Objection to Confirmation of Chapter 11 Plan* ("Objection") filed at Docket No. 72.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

**A. LOAN HISTORY**

1. On June 24, 2002, Debtor and Anthony Racanelli (collectively the "Borrowers") executed a promissory note in the principal sum of $345,000.00 (the "Note"). The Note reflects that it was indorsed in blank. (*See* Claim No. 4-1).

2. The Note is secured by a Mortgage (the "Mortgage")[2] granting a security interest in the real property located at 350 Ashford Ave Dobbs Ferry, NY 10522 (the "Property") which is more fully described in the Mortgage. (*See* Claim No. 4-1). The Mortgage contains an Assignment of Rents

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case.

[2] The Note and Mortgage are collectively referred to as the "Loan."

provision granting Creditor as security interest in the rental income generated by the Property. (*See* Claim No. 4-1).

3. Subsequently, interest in the Mortgage was assigned to Creditor. (*See* Claim No. 4-1).

**B.  PROCEDURAL HISTORY**

4. On May 3, 2016, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code in the Southern District of New York and was assigned bankruptcy case number 16-22617-rdd (the "Bankruptcy Case").

5. On September 1, 2016, Creditor filed its *Proof of Claim* ("Claim") listing a secured claim of $212,334.16. (*See* Claim No. 4-1).

6. On March 16, 2020, Debtor filed a Motion to Convert the Bankruptcy Case under Chapter 11 with a Subchapter V Designation (the "Motion to Convert").

7. On June 16, 2020, the Chapter 13 Trustee filed a Motion to Dismiss the Chapter 13 Case ("Motion to Dismiss") based on the Debtor's lack of eligibility for a Chapter 13 (debtor exceeds the debt limits).

8. On September 4, 2020, the Court granted the Debtor's Motion to Convert, converting the Debtor's Chapter 13 Bankruptcy Case to a Subchapter V.

9. Within 7 days, a small business debtor is required to file: (a) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (b) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. To date, the Debtor has yet to file the required Sub V documents or amended Schedules for Chapter 11, which were due by September 11, 2020.

10. Debtor is delinquent on monthly operating reports, including the month of February 2021.

11. On December 3, 2020, Debtor filed her proposed Subchapter V Plan of Reorganization ("Plan"). (Dkt No. 72). Debtor alleges the Property is an investment property. First, the Plan fails to

comply with the majority of the provisions of Subchapter V as outlined in Code sections 1190-1191. Second, the Plan lists all secured claims (Claims 3, 4, and 5) together in the same class (Class 1), but the claims are substantially dissimilar. Third, the Plan lists Creditor's claim as "unimpaired," but fails to provide for the cure of the post-petition arrears (*See* Plan, Class 1). Finally, to the extent the Property generates rental income, Debtor is using cash collateral without authorization.

**C.    LOAN STATUS**

12.    Debtor defaulted on post-petition payments to Creditor for the months of January 1, 2021 – March 1, 2021. The payment default now totals $6,712.98 ("Default Amount"). The Default Amount will continue to increase until the Debtor resumes contractual payments and cures the Default Amount.

## II. ARGUMENT

**A.    THE PLAN FAILS TO MEET THE SUBCHAPTER V CONFIRMATION REQUIREMENTS**

13.    The Debtor fails to comply with §1129 of the Bankruptcy Code, or the new sections 1190, 1191 and 1194 governing confirmation of a subchapter V plan of reorganization. 11 U.S.C. § 1129(a)(1) provides that a court shall confirm a plan only if it complies with the applicable provisions of the bankruptcy code. 11 U.S.C. § 1129(a)(1).

14.    First, the Plan lists Creditor's Claim as "unimpaired" and suggests the Claim shall be paid pursuant to the contractual Loan documents. However, the Plan fails to provide for the cure of the contractual arrears and Default Amount.

15.    Second, new § 1190(1) requires information that would otherwise be included in a disclosure statement. The plan must include: (1) a brief history of the operations of the debtor; (2) a liquidation analysis; and (3) projections regarding the ability of the debtor to make payments under the proposed plan. 11 U.S.C. § 1190(1). The Plan contains none of the required information. The Plan fails to provide a history of the Debtor, projections or a liquidation analysis. No information is provided

regarding the nature of the Debtor's alleged business operation, history of the business, financial projections, funding of the Plan, and how the Debtor generates income (if any).

16. Third, new § 1190(2) requires the plan to provide for the submission of "all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C § 1190(2). Debtor fails to meet the requirements.

17. Fourth, cramdown confirmation under new § 1191(b) does not require that the plan meet the projected disposable income requirement of § 1129(a)(15), applicable only in the case of an individual if any unsecured creditor invokes it. However, cramdown confirmation does impose a modified projected disposable income rule, expanded to include all debtors. As the Plan is non-consensual, the Debtor must demonstrate that the Plan complies with the fair and equitable requirements under 1191(c), subsections (1) and (2), by demonstrating that all of the Debtor's projected disposable income over the term of the Plan will be applied to Plan payments, or that all of the property to be distributed under the plan is not less than the Debtor's disposal income. Debtor fails to do so.

18. Fifth, the Debtor must demonstrate she has the ability to make the payments to comply with Bankruptcy Code section 1191(c)(3)(A).

19. Sixth, under 1191(c)(3)(B), in the event of default, the Plan must contain appropriate remedies, including liquidation of nonexempt assets. As there is no means of implementation and no financial information provided, the Plan cannot satisfy the confirmation requirements at Bankruptcy Code section 1191(b) and must be denied.

**B. THE PLAN VIOLATES §1122 AS THE CLASS 1 CLAIMS ARE SUBSTANTIALLY DISSIMILAR**

20. Pursuant to 11 U.S.C. §1122(a), "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122. In providing for classification of claims or interests in plan of reorganization, each

holder of an allowed claim secured by security interest in specific property must ordinarily be placed in a separate class. *Matter of Moore*, 81 B.R. 513, (Bankr. S.D. Iowa (1988); *See also*, *Matter of Bugg*, 172 B.R. 781 (E.D. Pa. 1994) (First lien creditor that had lien on debtor's property was not "substantially similar" to other first lien creditors with liens on different property of debtor and could not be classified in same class in Chapter 11 plan); *In re Commercial Western Finance Corp.*, 761 F.2d 1329 (Cal. 1985) (Where borrower notes that debtor partially assigned to investors were secured by different pieces of property, bankruptcy court's implicit finding that the claims were substantially similar was clearly erroneous).

21. Here, the Plan lists all secured claims (Claims 3, 4, and 5) together in the same class (Class 1), but the claims are substantially dissimilar, and therefore require separate classification. The Claims are held by different creditors, against different real properties, and secured by different loan documents. As a result, the Claims must be separately classified pursuant to 11 U.S.C. § 1122. Accordingly, confirmation of the Plan must be denied.

    C.    **THE PLAN FAILS TO PROVIDE FOR THE CURE OF THE DEFAULT AMOUNT**

22. Generally, a claim is impaired unless it "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest…." or "…notwithstanding any contractual provision or applicable law that entitles a creditor to demand or receive accelerated payments of such claim or interest after the default…(A) cures any such default that occurred before or after commencement of the case, (B) reinstates the maturity of such claim or interest as existed before such default, (C) compensates the creditor for any damages incurred as a result of any reasonable reliance on such contractual provisions or applicable law; (D) compensates the creditor for any non-monetary default, other than failure to operate a nonresidential real property lease; and (E) does not otherwise alter the legal, equitable or contractual rights to which such claim or interest entitles the creditor. *See* 11 U.S.C. §1124(a), (b) (emphasis added). Indeed, generally, any alteration of rights

constitutes impairment, even if the value of the rights is enhanced. *See In re Wabash Valley Power Ass'n, Inc.*, 72 F.3d 1305 (7th Cir. 1995).

23. Chapter 11 of the Bankruptcy Code provides that a plan of reorganization must, among other things, "provide adequate means for the plan's implementation," including the "curing or waiving of any default." 11 U.S.C. § 1123(a)(5)(G). If a debtor is seeking to "cure" a default under 11 U.S.C. § 1124, then the debtor must generally cure said default by the effective date of the Plan or within a reasonable time and in accordance with the contractual documents, which would include interest on said arrears in accordance with the Note. See 11 U.S.C. §1123(d); *In re Tri-Growth Centre City, Ltd.*, 136 B.R. 848, 852 (Bankr. S.D. Cal. 1992); *In re Lennington*, 288 B.R. 802, 804-06 (Bankr. C.D. Ill. 2003).

24. Moreover, Section 1123(d) provides that, if a plan proposes to cure a default, "the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1123(d). A debtor seeking to cure a default under the Plan may not avoid paying a higher post-default interest rate if required by the underlying loan agreement. *In re New Invs., Inc.*, 2016 BL 368939 (9th Cir. Nov. 4, 2016).

25. Here, the Plan lists Creditor's Claim as "unimpaired" and suggests the Claim shall be paid pursuant to the contractual Loan documents. However, the Plan fails to provide for the cure of the contractual arrears in the sum of $6,712.98. The Default Amount will continue to increase until the Debtor resumes contractual payments and cures the Default Amount. Accordingly, confirmation of the Plan must be denied.

**D.    DEBTOR IS USING CASH COLLATERAL WITHOUT AUTHORIZATION**

26. A Chapter 11 debtor is prohibited from using cash collateral without court authorization and/or consent from the lender. The Bankruptcy Code unequivocally prohibits a debtor from using cash collateral unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2). There is no affirmative duty for

creditors or the court to raise the issue. Rather, *a debtor* is required to obtain permission **before** using cash collateral. Here, Debtor failed to do so. The unauthorized use of cash collateral <u>alone</u> constitutes cause to dismiss or convert a Chapter 11 Case. 11 U.S.C. § 1112(b)(4)(D).

27. In the instant case, the Mortgage contains an "Assignment of Rents" provisions granting creditors a security interest in the rental income derived from the Debtors' real properties. (*See* Mortgage, Claim No. 4-1). In other words, Creditor has a security interest not only in the real property itself, but also in the rental income derived from the Property. Pursuant to 11 U.S.C. § 363(a), Debtor is prohibited from using the rental income without court authorization or creditor consent.

28. Pursuant to the Plan, the Property is an investment unit, generating rental income. However, the Debtor defaulted on payments to Creditor. To the extent the Property is generating rental income, the Debtor is using cash collateral without authorization in violation of the Bankruptcy Code. In the alternative, if the Property is no longer generating income, Debtor should explain how the Property will cash flow to support a feasible Plan.

29. Based on the foregoing confirmation of the Plan must be denied and dismissal of the case is warranted under 11 U.S.C. § 1112(b)(4)(D).

**E.    DEBTOR FAILED TO FILE REQUIRED SUBCHAPTER V DOCUMENTS AND MONTHLY REPORTS**

30. On September 4, 2020, the Court granted the Debtor's Motion to Convert, converting the Debtor's Chapter 13 Bankruptcy Case to a Subchapter V.

31. Within 7 days, a small business debtor is required to file: (a) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (b) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. 11 U.S.C. §1116. To date, the Debtor has yet to file the required documents, which were due by September 11, 2020. Nor has the Debtor filed amended schedules and statements for the Chapter 11 Case.

32. Debtor is delinquent on monthly operating reports since conversion of the case, including the months of February 2021. 11 U.S.C. §308.

33. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" 11 U.S.C. §1112(b)(4)(F). Further, a court may dismiss a Chapter 11 case based on failure to timely provide information reasonably requested by the United States Trustee or failure to comply with an order of the Court. 11 U.S.C. §1112(b)(4) (E), (F), (H). As a result, cause exists to dismiss this case.

**WHEREFORE**: Creditor respectfully request:

1. That the Court deny confirmation of the Plan;

2. That the Court dismiss or convert the case; and

3. Such other relief as the Court deems just and proper.

Dated: March 24, 2021                                    **ALDRIDGE PITE, LLP**

                                                                                                                   _/s/ Jenelle C. Arnold_
                                                                                                                  Jenelle C. Arnold, Esq.
                                                                                                                  Attorney for Creditor,

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X    Case No. 16-22617-rdd

In Re:

                                                                                                                            Chapter 11

HELEN RACANELLI,                                                                            Subchapter V

                                Debtor.                                        **CERTIFICATE OF SERVICE**

---------------------------------------------------------------X

       The undersigned hereby certifies that a copy of the Objection to Confirmation of Subchapter V Small Business Debtor Plan of Reorganization was mailed by U.S. First Class Mail the March 24, 2021, to the parties listed below:
TO:

Helen Racanelli
16 Riverside Place
Dobbs Ferry, NY 10522

Shannon Anne Scott
Office of the U.S. Trustee
201 Varick Street
Sute 1006
New York, NY 10014

Linda M. Tirelli
Tirelli Law Group, LLC
50 Main Street
Suite 1265
White Plains, NY 10606

Yann Geron
Geron Legal Advisors LLC
370 Lexington Avenue
Suite 1101
New York, NY 10017

Dated: March 24, 2021                                    Respectfully Submitted
                                                                     Aldridge Pite, LLP

                                                                     /s/ Jenelle C. Arnold
                                                                By: Jenelle C. Arnold, Esq.
                                                                *Attorneys for Movant*
                                                                40 Marcus Drive, Suite 200
                                                                Melville, New York 11747
                                                               (631) 454-8059
                                                                jarnold@aldridgepite.com