UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X   Case No. 16-22617-rdd
In Re:
                                                                    Chapter 11
HELEN RACANELLI,
                                                                    Subchapter V
                    Debtor.
----------------------------------------------------------------X   JUDGE: Hon. Robert D. Drain

### NOTICE OF MOTION

Upon the annexed *MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE* ("Motion to Dismiss") filed by of Jenelle C. Arnold, Esq., dated June 7, 2021 and the exhibits annexed thereto, U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-19, Asset-Backed Certificates, Series 2006-19 ("Creditor"), by and through its authorized loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), a secured creditor, will move this court before the Honorable Robert D. Drain, United States Bankruptcy Judge, on the 28th day of July, 2021 at 10:00AM of that day, or as soon thereafter as counsel may be heard, at the courthouse located at United States Bankruptcy Court, for an Order Dismissing Debtor's Chapter 11 Case under §§1112 to allow Creditor, to proceed with default remedies under state law with respect to the mortgages it holds on the premises known as 18 Mountainview Avenue, Ardsley, New York 10502 ("Mountainview Property") and 350 Ashford Ave Dobbs Ferry, NY 10522 ("Ashford Property) (collectively the "Properties"), based on: (1) a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (2) failure to propose a confirmable Chapter 11 Plan within a reasonable period of time; (3) failure to file required documents and reports under the

Bankruptcy Code, Bankruptcy Rules, and Local Rules; and (4) the unauthorized use of cash collateral.

Dated: June 7, 2021

                                                Respectfully submitted,

                                                */s/ Jenelle C. Arnold*
                                                Jenelle C. Arnold, Bar No.: 5263777
                                                Attorney for Movant
                                                Aldridge Pite, LLP
                                                4375 Jutland Drive, Suite 200
                                                P.O. Box 17933
                                                San Diego, CA 92177-0933
                                                Telephone: (858) 750-7600
                                                Facsimile: (619) 590-1385
                                                Email: JArnold@aldridgepite.com

TO:

**Helen Racanelli**
16 Riverside Place
Dobbs Ferry, NY 10522

**Linda M. Tirelli**
Tirelli Law Group, LLC
50 Main Street
Suite 1265
White Plains, NY 10606

**Yann Geron**
Yann Geron
Geron Legal Advisors LLC
370 Lexington Avenue
Suite 1101
New York, NY 10017

**Shannon Anne Scott**
Office of the U.S. Trustee
201 Varick Street
Sute 1006
New York, NY 10014
Email: shannon.scott2@usdoj.gov

**\*CREDITOR'S MATRIX ATTACHED HERETO\***

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X         Case No. 16-22617-rdd
In Re:
                                                                      Chapter 11
HELEN RACANELLI,
                                                                      Subchapter V
                    Debtors.
------------------------------------------------------------X         JUDGE: Hon. Robert D. Drain


TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

### MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE

U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-19, Asset-Backed Certificates, Series 2006-19 ("Creditor"), by and through its authorized loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), by and through its undersigned counsel of record, Aldridge Pite, LLP, hereby files the instant *MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE* ("Motion to Dismiss") related to the real properties located at 18 Mountainview Avenue, Ardsley, New York 10502 ("Mountainview Property") and 350 Ashford Ave Dobbs Ferry, NY 10522 ("Ashford Property) (collectively the "Properties"), and respectfully represents:

### I. INTRODUCTION

1.    Creditor submits that cause exists to dismiss the Debtor's Chapter 11 case based on an absence of a reasonable likelihood of rehabilitation. Although the Debtor filed this Bankruptcy Case over five (5) years ago, Debtor has yet to file a confirmable Subchapter V Plan.

The Debtor's current Subchapter V Plan is patently unconfirmable. The success of the Debtor's reorganization contingent upon a judgment in the Adversary Case in the Debtor's favor. However, the Debtor filed the Adversary Case in 2016, yet the court has yet to enter a judgment in the Debtor's favor. In the event Creditor's Claims are allowed, the Plan lacks feasibility. Although Debtor filed the instant bankruptcy petition in 2016, Debtor has yet to propose a confirmable Chapter 11 Plan.

2. Debtor is no closer to reorganizing her debts today than when she filed for bankruptcy protection. Regrettably, Debtor appears to be worse off today than she was at the commencement of the case as secured claims continue to accrue interest and attorneys' fees, depleting available equity for the remainder of the Bankruptcy estate. In the meantime, the Debtor has failed to maintain her mortgage obligations while continuing to collect rental income from the Properties for years. To the extent the Properties generate rental income, Debtor is using cash collateral without authorization in violation of the Bankruptcy Code.

3. Finally, Debtor has failed to comply with numerous court orders and the provisions of the Bankruptcy Code. Specifically, Debtor failed to file the required Subchapter V documents and has routinely filed monthly operating reports late, or not at all. The totality of the circumstances evidences that Debtor has no intention of reorganizing and, instead, has sought to improperly use the Bankruptcy Code to delay and hinder creditor rights under state law. The foregoing factors constitute "cause" to convert or dismiss this case.

## II. JURISDICTION

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

## III. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. LOAN HISTORY

#### 1. The Mountainview Loan

5. On August 10, 2006, Debtor executed a promissory note in the principal sum of $508,000.00 (the "Mountainview Note"). The Mountainview Note reflects that it was indorsed in blank. (*See* Claim No. 3-1).

6. The Mountainview Note is secured by a Mortgage (the "Mountainview Mortgage") granting a security interest in the real property located at 18 Mountainview Avenue, Ardsley, New York 10502 (the "Mountainview Property") which is more fully described in the Mountainview Mortgage. (*See* Claim No. 3-1).

7. Subsequently, interest in the Mountainview Mortgage was assigned to Creditor. (*See* Claim No. 3-1).

#### 2. The Ashford Loan

8. On June 24, 2002, Debtor and Anthony Racanelli (collectively the "Borrowers") executed a promissory note in the principal sum of $345,000.00 (the "Ashford Note"). The Ashford Note reflects that it was indorsed in blank. (*See* Claim No. 4-1).

9. The Ashford Note is secured by a Mortgage (the "Ashford Mortgage") granting a security interest in the real property located at 350 Ashford Ave Dobbs Ferry, NY 10522 (the "Ashford Property") which is more fully described in the Ashford Mortgage. (*See* Claim No. 4-1). The Ashford Mortgage contains an Assignment of Rents provision granting Creditor as security interest in the rental income generated by the Ashford Property. (*See* Claim No. 4-1).

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case.

10.  Subsequently, interest in the Ashford Mortgage was assigned to Creditor. (*See* Claim No. 4-1).

**B.  PROCEDRUAL HISTORY**

11.  On May 3, 2016, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code in the Southern District of New York and was assigned bankruptcy case number 16-22617-rdd (the "Bankruptcy Case").

12.  On August 30, 2016, Creditor filed its *Proof of Claim* for the Mountainview Loan ("Mountainview Claim") listing a secured claim of $901,684.95, including pre-petition arrears of $372,757.51. (*See* Claim No. 3-1).

13.  On September 1, 2016, Creditor filed its *Proof of Claim* for the Ashford Loan ("Ashford Claim") listing a secured claim of $212,334.16. (*See* Claim No. 4-1).

14.  On November 29, 2016, Debtor filed an Adversary Complaint against, among others, Nationstar related to the Mountainview Loan (the "First Complaint") and was assigned adversary case number 16-08254-shl (the "Adversary Case"). The First Complaint alleged multiple counts that were without merit and implausible, and were dismissed against Nationstar by Order dated July 24, 2017, granting Nationstar's Motion to Dismiss.

15.  On August 18, 2017, Debtor moved for leave to file an amended adversary complaint. The court held a hearing on December 15, 2017, and granted Debtor leave to file an amended adversary complaint by Order dated January 23, 2018. Debtor filed an Amended Adversary Complaint (the "Second Complaint") on February 20, 2018. To date, the Court has yet to enter a judgment on the Second Complaint. A status hearing in the Adversary Case is currently scheduled for September.

16.  On March 16, 2020, Debtor filed a Motion to Convert the Bankruptcy Case under

Chapter 11 with a Subchapter V Designation (the "Motion to Convert"). Creditor objected to the Motion to Convert, requesting dismissal.

17. On March 20, 2020, Creditor field a Motion for Payment of Administrative Expenses ("Admin Claim Motion") for the Mountainview Loan. (Dkt No. 51). On October 8, 2020, Court entered an Order Granting the Admin Claim Motion, awarding Creditor an Admin Claim for $81,130.65. The Order required the Debtor to maintain taxes and insurance for the Mountainview Property going forward. (Dkt No. 70).

18. On June 16, 2020, the Chapter 13 Trustee filed a prior Motion to Dismiss the Chapter 13 Case ("Motion to Dismiss") based on the Debtor's lack of eligibility for a Chapter 13 (debtor exceeds the debt limits). Further, the Debtor defaulted on payments and failed to file required documents. Creditor joined in the Motion to Dismiss.

19. On September 4, 2020, the Court granted the Debtor's Motion to Convert, converting the Debtor's Chapter 13 Bankruptcy Case to a Subchapter V.

20. Within 7 days, a small business debtor is required to file: (a) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (b) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. To date, the Debtor has yet to file the required Sub V documents or amended Schedules for Chapter 11, which were **due by September 11, 2020**.

21. On December 3, 2020, Debtor filed her proposed Subchapter V Plan of Reorganization ("Plan"). (Dkt No. 72).

22. On January 22, 2021, Creditor filed an Objection to Confirmation of the Plan for the Mountainview Loan ("Mountainview Objection"). (Dkt No. 77). First, the Plan fails to

comply with the majority of the provisions of Subchapter V as outlined in Code sections 1190-1191. Second, the Plan lists all secured claims (Claims 3, 4, and 5) together in the same class (Class 1), but the claims are substantially dissimilar. Third, the Plan lists Creditor's claim as "unimpaired," but proposed to modify the Claim (*See* Plan, Class 1). Fourth, the claim treatment is unclear and contingent upon a judgment in the Adversary Case in the Debtor's favor. Specifically, the Debtor suggests the amount of Creditor's Claim (if any) will be determined through the related Adversary Proceeding. In the event the Debtor is unsuccessful in avoiding Creditor's Claim in its entirety, Debtor proposes to bifurcate Creditor's Claim into a secured claim and unsecured claim based on the alleged value of the Property. However, the Plan fails to disclose the amount of the secured claim and/or the proposed property value. Debtor proposes to pay the secured claim in full upon the Effective Date of the Plan with the unsecured claim paid pro rata through the Plan. The Plan is unclear and speculative (at best). Finally, in the event Creditor's Claim is allowed, the Plan lacks feasibility. No information is provided regarding the nature of the Debtor's alleged business operation, history of the business, financial projections, funding of the Plan, and how the Debtor generates income (if any).

23.    On March 24, 2021, Creditor filed an Objection to Confirmation of the Plan for the Ashford Loan ("Ashford Objection"). (Dkt No. 83). First, the Plan fails to comply with the majority of the provisions of Subchapter V as outlined in Code sections 1190-1191. Second, the Plan lists all secured claims (Claims 3, 4, and 5) together in the same class (Class 1), but the claims are substantially dissimilar. Third, the Plan lists Creditor's claim as "unimpaired," but fails to provide for the cure of the post-petition arrears (*See* Plan, Class 1). Finally, to the extent the Property generates rental income, Debtor is using cash collateral without authorization.

24.    To date, the Debtor has yet to schedule or notice a hearing on Confirmation of the

Plan.

25. Since converting the case to a Subchapter V, the Debtor's monthly operating reports have been filed late, incomplete, or not at all. Debtor is delinquent on monthly operating reports since conversion of the case, including the months of April 2021 – May 2021.

### IV. ARGUMENT

#### A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

##### 1. Legal Standard.

26. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **_shall_** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Labankoff*, 2010 WL 6259969 (9th Cir. BAP 2010) (citing *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D. N.H. 2008)). Once "cause" is established, the burden shifts to the party opposing conversion. *Id.* (citing *In re Orbit Petroleum*, 396 B.R. 145, 148 (Bankr. D. N.M. 2008) ("Once 'cause' has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies 'unusual circumstances that establish that such relief is not in the best interest of creditors and the estate.'")). For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

27. Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of

cause including, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. §§ 1112(b)(4)(A) and (J). Several of these examples are applicable in this case, as explained below.

    a.    ***Cause Exists to Dismiss this Case Due to the Absence of a Reasonable Likelihood of Rehabilitation and Failure to Confirm a Plan within a Reasonable Period of Time***

28.    Under section 1112(b)(4)(J), a court may convert or dismiss a bankruptcy for cause due to a debtor's "failure to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(J). Unreasonable delay by a debtor that is prejudicial to creditors constitutes cause for dismissal or conversion. *See In re Consolidated Pioneer Mortg. Entities*, 264 F.3d 803, 808-09 (9th Cir. 2001); *see also In re Boyd Hites Logging, Inc.*, 2003 WL 25273862 (Bankr. D. Idaho 2003) (dismissing Chapter 11 case two years after the bankruptcy petition was filed for Debtor's unreasonable delay in filing or confirming a plan). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

29.    Further, a Court shall dismiss a Chapter 11 Case if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" 11 U.S.C. § 1112(b)(4)(A).

30.    In the present case, Debtor has yet to confirm a Chapter 11 Plan after the passage of **five (5) years** in bankruptcy. The Debtor filed a proposed Subchapter V Plan, which fails to comply with numerous provisions of the Bankruptcy Code. The proposed Plan lacks feasibility

and is patently unconfirmable.

31. Creditor filed two (2) Plan Objections raising numerous issues. (*See* Docket Nos. 77, 83). First, the Plan fails to comply with the majority of the provisions of Subchapter V as outlined in Code sections 1190-1191. Second, the Plan lists all secured claims (Claims 3, 4, and 5) together in the same class (Class 1), but the claims are substantially dissimilar. Third, the Plan lists Creditor's claim as "unimpaired," but proposed to modify the Claim (*See* Plan, Class 1). Fourth, the claim treatment is unclear and contingent upon a judgment in the Adversary Case in the Debtor's favor. Specifically, the Debtor suggests the amount of Creditor's Claim (if any) will be determined through the related Adversary Proceeding. In the event the Debtor is unsuccessful in avoiding Creditor's Claim in its entirety, Debtor proposes to bifurcate Creditor's Claim into a secured claim and unsecured claim based on the alleged value of the Property. However, the Plan fails to disclose the amount of the secured claim and/or the proposed property value. Debtor proposes to pay the secured claim in full upon the Effective Date of the Plan with the unsecured claim paid pro rata through the Plan. The Plan is unclear and speculative (at best). In the event Creditor's Claim is allowed, the Plan lacks feasibility. No information is provided regarding the nature of the Debtor's alleged business operation, history of the business, financial projections, funding of the Plan, and how the Debtor generates income (if any). Finally, to the extent the Properties generate rental income, Debtor is using cash collateral without authorization.

32. Creditor asserts that any proposed Plan will lack feasibility based on the amount of the arrearage owed on Creditor's Claim. As discussed above, the success of the Debtor's Plan appears contingent upon a favorable ruling the Adversary Proceeding. However, Debtor filed the Adversary Case in November 2016 and has failed to prosecute the lawsuit in a timely manner. To date, the Court has yet to enter a judgment in the Adversary Proceeding. In the meantime, Debtor

failed to meet her obligations under the Subject Loans and Bankruptcy Code.

33. In the event the Debtor's Adversary Case is unsuccessful, it is unclear how the Debtor will pay Creditor's Mountainview Claim. As of the petition date, the Claim exceeded $900k. As of the petition date, the pre-petition arrears on the Mountainview Claim totaled $372,757.51. (*See* Claim No. 3-1). Debtor has failed to make payments on the Mountainview Loan since December 2008, 13 years. At the same time, Debtor has allegedly collected rental income from the Mountainview Property. The Ashford Loan is now in default as well. It appears the Debtor's Properties produce little to no income. Assuming the Debtor fails in her attempts to avoid or cramdown the Mountainview Claim, the Plan will lack feasibility. Moreover, even if the Debtor successfully bifurcates the claim into a secured and unsecured portion, it is unclear how the Debtor intends to pay the secured claim in full upon confirmation of the Plan (as proposed). There is no indication the alleged business generates any income. Further, it is unclear if the Properties generate sufficient rental income to pay taxes, insurance, and mortgage payments. Based upon a lack of income, the Plan cannot satisfy the feasibility requirements. Again, Debtor has had five (5) years to propose a feasible Plan.

34. To date, the Debtor has yet to schedule or notice a hearing on Confirmation of the Plan, or file an amended plan or reply to address Creditor's Objections.

35. The Debtor's unexcused failure to confirm a Chapter 11 Plan after five years in bankruptcy has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. sections 1112(b)(4)(A) and 1112(b)(4)(J). Debtor has yet to file a confirmable Chapter 11 Plan or take any meaningful steps towards a reorganization. In the interim, Creditor's claims remain in default while the Debtor continues to collect rental income from the Properties.

36. The Debtor's unreasonable delay has resulted in a diminution of value of the

estate as creditors hold claims that remain in default and continue to accrue interest and attorneys' fees. In the meantime, the Debtor has been enjoying the use of the Properties while failing to pay her monthly mortgage payments, which include impounds for taxes and hazard insurance. Debtor has yet to make any post-petition payments to Creditor and Mr. Cooper.

37. Based on the Debtor's unreasonable delay in proposing a confirmable plan and/or otherwise effectively proceeding with the administration of his estate, the Court must dismiss the Debtor's case for cause under 11 U.S.C. §1112(b)(4)(A).

    b. ***Cause Exists to Dismiss this Case Based on Debtor's Failure to Comply with Court Orders, the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules***

38. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court," and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. §1112(b)(4)(E), (F), and (J).

39. Here, Debtor has failed to comply with multiple court orders and the rules of the Bankruptcy Code.

40. On June 16, 2020, the Chapter 13 Trustee filed a prior Motion to Dismiss the Chapter 13 Case based on the Debtor's lack of eligibility for a Chapter 13 (debtor exceeds the debt limits). Further, the Debtor defaulted on payments and failed to file required documents. Creditor joined in the Motion to Dismiss.

41. On September 4, 2020, the Court granted the Debtor's Motion to Convert, converting the Debtor's Chapter 13 Bankruptcy Case to a Subchapter V.

42. Within 7 days, a small business debtor is required to file: (a) its most recent

balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (b) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. To date, the Debtor has yet to file the required Sub V documents or amended Schedules for Chapter 11, which were **due by September 11, 2020**.

43. Since converting the case to a Subchapter V, the Debtor's monthly operating reports have been filed late, incomplete, or not at all. Debtor is currently delinquent on operating reports for April and May 2021.

44. Based on the foregoing, cause exists to dismiss this case under 11 U.S.C. §1112(b)(4)(E), (F), and (J).

    c.    *Cause Exists to Dismiss this Case Based on the Unauthorized Use of Cash Collateral*

45. A Chapter 11 debtor is prohibited from using cash collateral without court authorization and/or consent from the lender. The Bankruptcy Code unequivocally prohibits a debtor from using cash collateral unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2). There is no affirmative duty for creditors or the court to raise the issue. Rather, *a debtor* is required to obtain permission *before* using cash collateral. Here, Debtor failed to do so. The unauthorized use of cash collateral <u>alone</u> constitutes cause to dismiss or convert a Chapter 11 Case. 11 U.S.C. § 1112(b)(4)(D).

46. In the instant case, the Ashford Mortgage contains an "Assignment of Rents" provisions granting creditors a security interest in the rental income derived from the Debtors' real properties. (*See* Mortgage, Claim No. 4-1). In other words, Mr. Cooper has a security interest not only in the real property itself, but also in the rental income derived from the

Property. Pursuant to 11 U.S.C. § 363(a), Debtor is prohibited from using the rental income without court authorization or creditor consent.

47. Pursuant to the Plan, the Ashford Property is an investment unit, generating rental income. However, the Debtor defaulted on payments to Mr. Cooper. To the extent the Ashford Property is generating rental income, the Debtor is using cash collateral without authorization in violation of the Bankruptcy Code. In the alternative, if the Ashford Property is no longer generating income, Debtor should explain how the Property will cash flow to support a feasible Plan.

48. Based on the foregoing, dismissal of the case is warranted under 11 U.S.C. § 1112(b)(4)(D).

**WHEREFORE**: Creditor respectfully request:

1. That the Court Dismiss the Debtor's Chapter 11 Case; and
2. Such other relief as the Court deems just and proper.

Dated: June 7, 2021                                                     **ALDRIDGE PITE, LLP**

  /s/  Jenelle C. Arnold
Jenelle C. Arnold, Esq.
*Attorney for Creditor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X    Case No. 16-22617-rdd

In Re:

                                                                                Chapter 11

HELEN RACANELLI,                                         [Subchapter V]

                Debtor.

------------------------------------------------------------X    **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case, was mailed by U.S. First Class Mail the June 7, 2021, to the parties listed below:

TO:

**Helen Racanelli**
16 Riverside Place
Dobbs Ferry, NY 10522

**Yann Geron**
Geron Legal Advisors LLC
370 Lexington Avenue
Suite 1101
New York, NY 10017

**Linda M. Tirelli**
Tirelli Law Group, LLC
50 Main Street
Suite 1265
White Plains, NY 10606

**Shannon Anne Scott**
Office of the U.S. Trustee
201 Varick Street
Sute 1006
New York, NY 10014

\*see attached mailing matrix for additional service

Dated: June 7, 2021                           Respectfully Submitted
                                                      Aldridge Pite, LLP

                                                          /s/ Jenelle C. Arnold
                                                        By: Jenelle C. Arnold, Esq.
                                                        *Attorneys for Movant*
                                                        40 Marcus Drive, Suite 200
                                                       Melville, New York 11747
                                                       (631) 454-8059
                                                       jarnold@aldridgepite.com

```
BANK OF AMERICA, N.A.                    Bank of America, N.A.
PO Box 31785                             THE BANK OF NEW YORK MELLON FKA THE BANK
TAMPA, FL 33631-3785                     PO BOX 31785
                                         TAMPA, FL 33631-3785


Bank of America, N.A.                    Bank of America, N.A.                    Nationstar Mortgage LLC as servicer for U.S.
c/o David A. Gallo & Associates LLP      c/o Frenkel Lambert et al.                Shapiro, DiCaro & Barak, LLC
95-25 Queens Boulevard                   53 Gibson Street                          One Huntington Quadrangle, Suite 3N05
11th floor                               Bay Shore, NY 11706-8369                  Melville, NY 11747-4468
Rego Park, NY 11374-4509


U.S. BANK NATIONAL ASSOCIATION           U.S. BANK NATIONAL ASSOCIATION            U.S. Bank National Association, as Trustee f
14841 Dallas Parkway Suite 425           Aldridge Pite, LLP                        1661 Worthington Rd
Dallas, TX 75254-8067                    4375 Jutland Dr Suite 200                 West Palm Beach, FL 33409-6493
                                         4375 Jutland Drive, Suite 200
                                         , CA 92117-3600


US Bank NA                               THE BANK OF NEW YORK MELLON               White Plains Division
14841 Dallas Parkway Suite 300           c/o Bank of America                       300 Quarropas Street
Dallas, TX 75254-7883                    PO BOX 31785                              White Plains, NY 10601-4140
                                         Tampa, FL 33631-3785


ALDRIDGE PITE, LLP                       AMERICAN CB                               AMEX
Attorneys for Nationstar Mortgage LLC    1200 N FEDERAL HWY                        PO BOX 297871
4375 Jutland Drive, Suite 200            BOCA RATON, FL 33432-2803                 FORT LAUDERDALE, FL 33329-7871
P.O. Box 17933
San Diego, CA 92177-7921


BK OF AMER                               BK OF AMER                                BLMDSNB
1800 TAPO CANYON CA6-914-01-91           4909 SAVARESE CIR                         9111 DUKE BLVD
SIMI VALLEY, CA 93063-6712               TAMPA, FL 33634-2413                      MASON, OH 45040-8999


CBNA                                     (p) JPMORGAN CHASE BANK N A               CITI
PO BOX 6497                              BANKRUPTCY MAIL INTAKE TEAM               PO BOX 6241
SIOUX FALLS, SD 57117-6497               700 KANSAS LANE FLOOR 01                  SIOUX FALLS, SD 57117-6241
                                         MONROE LA 71203-4774


COMENITY BANK/NWYRK&CO                   COMENITY BANK/VCTRSSEC                    Capital One NA
220 W SCHROCK RD                         PO BOX 182789                             c/o Becket and Lee LLP
WESTERVILLE, OH 43081-2873               COLUMBUS, OH 43218-2789                   PO Box 3001
                                                                                   Malvern PA 19355-0701


David A. Gallo & Associates LLP          Federal National Mortgage Association     Frenkel, Lambert, Weiss, Weisman
Attorneys for Bank of America, N.A.      (Fannie Mae)                              & Gordon, LLP
95-25 Queens Boulevard                   creditor c/o Seterus, Inc.                Attorneys for Bank of America, N.A.
11th floor                               PO Box 1047                               53 Gibson Street
Rego Park, NY 11374-4509                 Hartford, CT 06143-1047                   Bay Shore, NY 11706-8369


(p) GROSS POLOWY LLC                     US BANK NATIONAL ASSOCIATION              KOHLS/CAPONE
1775 WEHRLE DRIVE                        425 WALNUT STREET                         N56 W 17000 RIDGEWOOD DR
SUITE 100                                CINCINNATI, OH 45202-3989                 MENOMONEE FALLS, WI 53051-7096
WILLIAMSVILLE NY 14221-7093
```

| | | |
|---|---|---|
| (p)DSNB MACY S CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 | McCalla Raymer Leibert Pierce, LLC<br>Attorneys for Nationstar Mortgage LLC<br>485F US Highway 1 S<br>Suite 300<br>Iselin, NJ 08830-3072 | Nationstar Mortgage LLC d/b/a Mr. Cooper<br>C/O ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>P.O Box 619096<br>Dallas, TX 75261-9096 | SYNCB/GAP<br>PO BOX 965005<br>ORLANDO, FL 32896-5005 | Shapiro, DiCaro & Barak, LLC<br>Attorneys for Nationstar Mortgage LLC<br>One Huntington Quadrangle, Suite 3N05<br>Melville, NY 11747-4468 |
| Wells Fargo Bank, N.A.<br>Business Direct Division<br>P.O. Box 29482 MAC S4101-08C<br>Phoenix, AZ 85038-9482 | U.S. Bank National Association,<br>Nationstar Mortgage LLC<br>PO Box 619096<br>Dallas TX 75261-9096 | |