UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                                          :
**In re HELEN RACANELLI,**          :   Case No. 16-22617-SHL
          **Debtor.**       :   (Chapter 11)
----------------------------------------------------------:
                                                          :
**In re JOSEPH T. GRANCHELLI,**     :   Case No. 18-23674-SHL
          **Debtor.**       :   (Chapter 11)
----------------------------------------------------------x

**UNITED STATES TRUSTEE'S REPLY TO OBJECTION OF LINDA M. TIRELLI, ESQ., TO MOTION FOR ORDER: (I) VACATING ORDER AUTHORIZING EMPLOYMENT OF DEBTOR'S COUNSEL, LINDA M. TIRELLI, ESQ, (II) REQUIRING RETURN OF ALL FEES PAID; AND (III) IMPOSING SANCTIONS**

**TO:  THE HONORABLE SEAN H. LANE**
      <u>**UNITED STATES BANKRUPTCY JUDGE**</u>

This Court should vacate the retention and compensation orders entered in the Racanelli and Granchelli Cases, order Ms. Tirelli to return all compensation received, and impose sanctions.

Though attempting to shift the burden of disclosure away from herself by putting the spotlight on the United States Trustee, Ms. Tirelli openly acknowledges the four failures to disclose in the Cases,[1] and does not dispute either the facts or the applicable law. At the core, Ms. Tirelli's only substantive contention is that she had no duty to disclose her connections in these Cases, because they were "*de minimis*." Objection, Granchelli Dkt. 203, ¶ 11 at 5. That after-the-fact argument, however, is misplaced.

---

[1] All capitalized terms in this Reply have the same meaning given to them in the United States Trustee's Memorandum of Law, Granchelli Dkt. 199-1.

### A. Ms. Tirelli was Required to Disclose All Connections.

Exactly like Ms. Tirelli "under[stood] her obligations too narrowly,"[2] and "misapprehend[ed] the scope of the duty of candor"[3] in the *Reyes* case, she now takes a conveniently narrow view of her duties to disclose. *Ex post facto*, Ms. Tirelli is now invoking a loophole in a minority of the case law holding that only "all connections that are not so remote as to be *de minimis* must be disclosed." *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994).

But that simply is neither the governing nor the prevailing standard of disclosure under Federal Rule of Bankruptcy Procedure 2014(a), because the rule requires the disclosure of all known connections, with no exceptions. Fed. R. Bankr. P. 2014(a) (**"all** of the person's connections) (bold added); *In re GSC Grp., Inc.*, 502 B.R. 673, 729 (Bankr. S.D.N.Y. 2013); *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011).

While discussing the Granchelli Case at the hearing on the motions to reopen the Cases, the Court was "a little concerned about the sort of careful statement" that Ms. Tirelli made in her employment applications. Racanelli Dkt. 168, and Granchelli Dkt. 196, at 33:14-19. Recognizing the importance of the missing disclosures, the Court took upon itself the task of reading them into the record: "Neither my firm nor I has an interest material adverse to the interest of the estate by reason or any direct or indirect relationship." *Id*.

Ms. Tirelli does not dispute that it was the Court's duty – not hers – to determine the materiality of such connections, and based on her disclosures, that it also was the Court's duty to determine whether she qualified for employment. But by choosing to conceal all connections

---

[2] *In re Reyes*, 651 B.R. 99, 143 (Bankr. S.D.N.Y. 2023).

[3] *In re Reyes*, No. 23-CV-4185 (PMH), 2023 WL 8184933, *6 (S.D.N.Y. Nov. 23, 2023).

2

until they were fortuitously discovered, Ms. Tirelli "broke the cardinal principle of Rule 2014(a). [Sh]e arrogated to [her]self a disclosure decision that the court must make." *In re Granite Partners, LP*, 219 B.R. 22, 44 (Bankr. S.D.N.Y. 1998).

Even if the connections here could be construed as *de minimis*, which they cannot, that was for the Court to decide, not Ms. Tirelli. The strained explanations that Ms. Tirelli is now forced to give . . . prove too much. The semantical gymnastics, if anything, underscore why adherence to a stringent standard under Bankruptcy Rule 2014(a) is necessary, and also why determination of whether a connection is *de minimis,* is a fact-finding function of the Court – not counsel's.

Ms. Tirelli's connections, in any event, were far more than merely *de minimis*. They were instead consequential. That is because, by withholding them, Ms. Tirelli prevented the Court from exercising its judicial functions of examining her employment applications with full information. At all relevant points in the Cases, Ms. Tirelli was required to disclose:

(1) in the Granchelli Case, (a) that she also represented Earth Improvements, Debtor Granchelli's counter-party in a bankruptcy sale, in the District Court Action, and (b) that she also represented Debtor Racanelli, the spouse of Earth Improvement's sole owner, as debtor's counsel.

(2) in the Racanelli Case, (a) that she also represented Earth Improvements – which is solely owned by Debtor Racanelli's spouse – in the District Court Action, and (b) that Earth Improvements was the counter-party in the sale by Debtor Granchelli, Ms. Tirelli's other debtor-client.

These are actual, readily-apparent connections that were known only to Ms. Tirelli.[4] Disclosing them would have been a fast and effortless exercise. As a matter of commonplace practice within the bankruptcy system, countless chapter 11 professionals make disclosures of similar connections, without resistance, every day. *See, e.g., In re Viewstar LLC*, No. 24-22716 (SHL), Dkt. 101, Supplemental Declaration of Paul Rubin; *In re Gol Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG), Dkt. 1268, Fifth Supplemental Declaration of Evan R. Fleck.

B. **Ms. Tirelli's Characterizations of the Record Must be Corrected.**

For the avoidance of doubt, several statements by Ms. Tirelli are in error, and must be clarified.

First, Ms. Tirelli alleges that the United States Trustee has not articulated "an adverse interest that would trigger her disclosure obligations." Granchelli Dkt. 203, Objection, ¶ 7 at 4. But the United States Trustee has articulated at length the adverse interest inherent in Ms. Tirelli's concurrent representation in the Granchelli Case – as counsel to the debtor in possession, while simultaneously serving as counsel to the debtor's purchaser, Earth Improvements, in the District Court Action. *See* Granchelli Dkt. 199-1, Memorandum of Law, at 36-41.

Second, according to Ms. Tirelli, the United States Trustee "concedes that the representation of Earth Improvements in the [District Court] Action required minimal legal work." Granchelli Dkt. 203, Objection, ¶ 9, at 5. But the United States Trustee has, in fact,

---

[4] Before, in *Reyes*, Ms. Tirelli also "was the only person who knew the exact status of the post-petition mortgage payments and of the escrow account. [She] therefore had the affirmative duty to monitor those post-petition mortgage payments and to revise any relevant representations to the Bankruptcy Court. Simply put, [Ms. Tirelli] violated her duty of candor by failing to give the Bankruptcy Court a full and accurate reporting of the post-petition mortgage payments and of her escrow account." *Reyes*, 2023 WL 8184933, at *6.

4

made no such concession.  Quite the contrary.  *See* Granchelli Dkt. 199-1, Memorandum of Law, ¶¶ 19-21, at 6-7, and ¶¶ 41-43, at 12.

Third, Ms. Tirelli's statement that "the United States Trustee . . . alleges that Tirelli had ample opportunities to correct the Granchelli Debtor's misstatements," is misguided.  Granchelli Dkt. 203, Objection, ¶ 15, at 7.  To dispel any lingering doubts, what the United States Trustee is arguing is that Ms. Tirelli had ample opportunities to make her disclosures over the extended chapter 11 phases of the Cases but failed to do so.

Fourth, Ms. Tirelli argues that "the United States Trustee has failed to demonstrate any actual prejudice."  Granchelli Dkt. 203, Objection, ¶ 19, at 9.  But "harm to the bankruptcy process," of course, is expressly at the heart of the Motion.  Granchelli Dkt. 199-1, Memorandum of Law, at 48-50.

Fifth, with respect to disgorgement, Ms. Tirelli states that "the Debtors have explicitly stated that they do not want such relief."  Granchelli Dkt. 203, Objection, ¶ 37, at 15.  But that is irrelevant.[5]

### C. Ms. Tirelli Cites Inapposite Case Law.

The only substantive decision cited by Ms. Tirelli for support, *Trigee Foundation*, actually supports the position of the United States Trustee, and otherwise is distinguishable.  In *Trigee Foundation*, an attorney failed to disclose a connection in his initial verified statement, because unlike Ms. Tirelli, he was unaware of it.  *See In re Trigee Foundation, Inc.*, Case No. 12-00624 (Bankr. D.C.), Dkt. 528, Tr. at 168-69.  Counsel eventually learned of the connection, but then, like Ms. Tirelli, he still failed to disclose it.  *Id.*  The bankruptcy court, therefore, **indeed**

---

[5]  The Court may review exactly what the Racanelli and Granchelli Debtors have said in this regard, at Racanelli Dkt. 167-1, ¶ 12, at 2, and Granchelli Dkt. 194, Exh. A, Affidavit.

sanctioned him under Bankruptcy Rule 2014(a), in the form of admonishment. *Id*., Tr. at 176-77; *In re Trigee Foundation, Inc.*, No. 12-00624, 2017 WL 562425, *7 (Bankr. D.C. Feb. 10, 2017), *aff'd*, 318 F. Supp. 3d 304 (D.C. Aug. 3, 2018).

Ms. Tirelli also cites *Trigee Foundation* for the proposition that the United States Trustee cannot rely on Rule 60(b)(6) to vacate her employment orders in the Cases, because such relief is time-barred under Rule 60(b)(3). But in *Trigee Foundation*, the movant expressly invoked Rule 60(b)(3) as grounds for relief, whereas the United States Trustee has not. *See* 2017 WL 562425, at *4.[6] In *Trigee Foundation*, moreover, the movant did not allege extraordinary circumstances, (*see id*.), which the United States Trustee, given the recidivist gravity of things, decidedly has. *See* Granchelli Dkt. 199-1, Memorandum of Law, at 41-43. And in any event, section 105(a) and the Court's inherent powers authorize vacatur of Ms. Tirelli's employment orders. *Id.*, at 43-44.

### D. Ms. Tirelli Has Not Reported Fees Received in the Cases.

As set forth in the United States Trustee's Memorandum of Law, the exact amounts that Ms. Tirelli has been paid in the Cases are not known. Granchelli Dkt. 199-1, Memorandum of Law, at 48 n.10. But Ms. Tirelli still has not informed the Court in this regard.

Granchelli Fees. In the Granchelli Case, the docket reflects that Ms. Tirelli has been paid $12,000 of a $60,300 final fee allowance. *Id*. Ms. Tirelli has not disclosed how much of the balance has been paid, if any.

Racanelli Fees. In the Racanelli Case, the docket shows that Ms. Tirelli has been paid $109,710 of a $157,375 final allowance. Similarly, Ms. Tirelli should disclose how much of the balance she has received, if any.

---

[6] To be clear, the United States Trustee has mentioned Rule 60(b)(3) briefly, without relying on it. *See* Granchelli Dkt. 119-1, Memorandum of Law, at 43.

E.  **Conclusion.**

The Court should excuse neither the multitude of lapses in Ms. Tirelli's employment applications, nor her long-lasting failures to disclose. Ms. Tirelli never corrected the faulty records before the Cases were closed, not even when Judge Drain personally – and pointedly – asked about "any connections at all" in the Granchelli Case. Granchelli Dkt. 199-1, Memorandum of Law, ¶ 31, at 9.

Bankruptcy Rule 2014(a) is a critical gatekeeping mechanism designed to preserve the bankruptcy system's confidence in those who serve as professionals to fiduciaries tasked with guarding the estates. There is no box where a practitioner can merely check off "no disclosures."

For these reasons, the United States Trustee respectfully requests the entry of disgorgement orders in these Cases, the entry of sanctions orders in the discretion of the Court, and such other relief as the Court may determine is just under the circumstances.

| | |
|---|---|
| Dated: New York, New York<br>July 2, 2025 | Respectfully submitted,<br><br>WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE<br><br>By:  */s/ Andrew D. Velez-Rivera*<br>Trial Attorney<br>Office of the U.S. Trustee<br>Alexander Hamilton Custom House<br>One Bowling Green, Room 534<br>New York, New York 10004<br>Tel. (212) 510-0500; Fax (212) 668-2255 |

# CERTIFICATE OF SERVICE

STATE OF NEW YORK   )
                    : ss
COUNTY OF NEW YORK  )

I, Andrew D. Velez-Rivera, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on July 2, 2025, I caused to be served a copy of the United States Trustee's Reply to Objection of Linda M. Tirelli, Esq., to Motion for Order: (I) Vacating Order Authorizing Employment of Debtor's Counsel, Linda M. Tirelli, Esq., (II) Requiring Return of All Fees Paid, and (III) Imposing Sanctions, by regular mail upon each of the parties listed on the service list below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the City and State of New York.

Dated: New York, New York                                    */s/ Andrew D. Velez-Rivera*

## SERVICE LIST

Linda M. Tirelli, Esq.
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, NY 10606

Sarah Prager, Esq.
Gordon Rees Scully Mansukhani
1 Battery Park Plaza, 28th floor
New York, NY 10004

Helen Racanelli
16 Riverside Place
Dobbs Ferry, NY 10522

Joseph T. Granchelli
100 Gay Ridge Drive Rd.
Yorktown Heights, NY 10598